The declaration had been filed several terms past, when the following entry was made on the docket—" plea and try, so as not to delay trial." No plea had been put in—the defendant was called, in order to take judgment by default ; his attorney craved oyer of the obligation upon which the action was founded. And per
Campbell, J. and Powell, J.
absente Overton, J. oyer cannot now be given.
Judgment by default was taken, and the principal question was, whether the enquiry could be executed at this term—the court determined that it could, and it accordingly was done.
Ex relatione, Powell, J.
Note.—This case, so far as relates to the execution of the writ of enquiry, must be predicated on the statement in the docket, “ plea and try, so as not to delay trial,” and will be considered as an authority hereafter.
As to craving oyer in such a case, it would seem to be most correct that the defendants right of oyer, should be co-extensive with his right to plead.
And if the defendant had a right to plead at this time, he had a right to oyer. The entry on the docket imports an agreement, the terms of which are expressed in it. But it was, previous to this decision, doubtful, whether the terms of this agreement would expire at the next term or not. It seems to be virtually decided above, that the defendant loses his right to plead, if he does not do it at the subsequent term, without being called by the plaintiff. If he would be entitled to plead at any term after the next subsequent one, he would, as it seems, be entitled to oyer of course. It was important that this point should be settled, because different evidence might be necessary in case of pleadings, from that which would be necessary in the execution of a writ of enquiry. It is however, doubtful, whether it *325 would not be safest to adhere to our act of assembly. Court law, s. 26.
The defendant shall appear and plead or demur, within the three first days after the time allowed for filing the declaration, (three first days of the term) otherwise the plaintiff may have judgment by default, which, in actions of debt, shall be final, unless where damages are suggested on the roll, and in that case, and all others, not herein specially provided for, where the recovery shall be in damages, a writ of enquiry shall be executed at the next succeeding term, provided, where the nature of the action requires special pleading, the time for pleading may be enlarged. In the view which the act presents, some act appears requisite on the part of the plaintiff, viz: a suggestion of damages, and then an act of the court in awarding a writ of enquiry, which the act directs shall be executed at the next term.—Therefore, quere, as the court has recognized the agreement on the docket, whether the principle contained in the act should not govern it, and permit oyer as well as an issuable plea : provided, the plaintiff has not taken judgment by default, to be executed at the next term after being obtained ? See as to oyer, 5 Co. 74. Weymark’s case, Barns 241, 268, 326, 329. 1 T. Rep. 149. King vs. Amery, per Bull, J.